IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-236-KS

| | |
|---|---|
| ROBERT ASTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MARTIN O'MALLEY, Commissioner ) | |
| of Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' briefs pursuant to the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Robert Astin ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for a period of disability and disability insurance benefits (DIB). The court held oral argument and received supplemental briefing from the parties after oral argument. The matter is ripe for adjudication. Having carefully reviewed the administrative record and the parties' briefs, the court remands the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

---

[1] Martin O'Malley became Commissioner on December 20, 2023, and is therefore substituted as Defendant pursuant to Fed. R. Civ. P. 25(d).

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability and DIB on May 8, 2019, with an alleged onset date of August 31, 2016. (R. 12, 179–82.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 12, 84, 101 117–18.) A telephonic hearing was held on April 13, 2020, before Administrative Law Judge ("ALJ") Teresa L. Hoskins-Hart, who issued an unfavorable ruling on May 11, 2020. (R. 12–67.) On October 21, 2020, the Appeals Council denied Plaintiff's request for review. (R. 1–6.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. On December 21, 2020, Plaintiff initiated an action in this court, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g). *Astin v. Kijakazi*, No. 5:20-CV-687-FL (E.D.N.C. filed Dec. 21, 2020). On December 6, 2021, after a motion to remand from the Commissioner and with consent of Plaintiff, the court reversed and remanded the matter to the Commissioner pursuant to sentence four. *Astin*, No. 5:20-CV-687-FL, ECF No. 21 (E.D.N.C. Dec. 6, 2021).

Upon remand from this court, the Appeals Council remanded the matter to ALJ Hoskins-Hart for another hearing. (R. 828–34.) ALJ Hoskins-Hart conducted another hearing and again issued an unfavorable ruling. (R. 752–804.) On May 1, 2023, Plaintiff initiated this action pursuant to 42 U.S.C. § 405(g), exercising his right to direct judicial review of the ALJ's second unfavorable decision. *See* 20 C.F.R. § 404.984(d) (ALJ's decision after federal court remand is final decision of

2

Case 5:23-cv-00236-KS   Document 26   Filed 04/18/24   Page 2 of 10

Commissioner if claimant files no exceptions and the Appeals Council does not otherwise assume jurisdiction).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II. Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id*. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).

### III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). As a preliminary matter, the ALJ found that Plaintiff last met the insured status requirements of the Act through December 31, 2021. (R. 754.) At step one, the ALJ found Plaintiff did not engage in substantial gainful activity from the alleged onset date of August 31, 2016, through the date last insured. (*Id.*) Next, the ALJ determined Plaintiff had, through the date last insured, the severe impairments of degenerative disc disease, shoulder joint osteoarthritis, obesity, depressive disorder, anxiety disorder, posttraumatic stress disorder (PTSD), and alcohol use disorder. (R. 755.)

At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1, through the date last insured. (R. 757.) The ALJ expressly considered Listings 1.15, 1.16, 1.18, 12.04, 12.06, 12.08, and 12.15, and Plaintiff's obesity in connection with SSR 19–2p. (R. 757–60.)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had, through the date last insured,

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: [Plaintiff] can perform occasional postural movements, but never climb ladders, ropes, or scaffolds; can use the upper extremities for no more than occasional overhead reaching; must avoid concentrated or frequent exposure to extreme cold, wetness, vibrations, or hazards. Also, [Plaintiff] is limited to the ability to understand, remember, and carry out simple instructions and some detailed instructions and use judgment to make such tasks related work decisions [*sic*]; [Plaintiff] can sustain concentration, attention, and pace sufficient enough to carry out those instructions for two-hour intervals

5

over the course of a typical eight-hour workday; [Plaintiff] can work in occupations requiring only occasional interactions with co-workers, supervisors, and the public, but no work involving coordinated team tasks with co-workers or supervisors; [Plaintiff] is able to adapt to routine and occasional changes in work settings or work processes.

(R. 760–61.) In making this assessment, the ALJ stated that she considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. § 404.1529 and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017). (R. 761.) At step four, the ALJ concluded that Plaintiff was not able to perform any past relevant work through the date last insured. (R. 768.) At step five, the ALJ determined, based upon Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed through the date last insured, namely: electronics worker (DOT #726.687-010), wire worker (DOT #728.684-022), and office helper (DOT #239.567-010). (R. 769–70.) The ALJ concluded that Plaintiff was not disabled under the Act from August 31, 2016, through December 31, 2021. (R. 770.)

## IV. Plaintiff's Arguments

Plaintiff contends the Commissioner erred by

(A) failing to perform a proper function-by-function evaluation of Plaintiff's ability to sit, stand, and walk when assessing the RFC (Pl.'s Br. [DE #14] at 5–11); and

(B) failing to identify and resolve an apparent conflict between the testimony of the Vocational Expert (VE) and the Dictionary of Occupation Titles (DOT) regarding the frequency of changes involved in the jobs identified at step five (*id.* at 11–14).

The court is persuaded by argument (A) and therefore reverses and remands the matter to the Commissioner for the reasons explained below.

### A. Functional Assessment of Ability to Sit, Stand, and Walk

Plaintiff contends the ALJ failed to sufficiently explain her finding in the RFC assessment that Plaintiff can sit, stand, and walk as required by the full-range of light-work requirements. (Pl.'s Br. at 8.) Light work "require[s] a person to be standing or walking most of the workday." SSR 83–14, 1983 WL 31254, at *4 (Jan. 1, 1983). Plaintiff argues that he contested his ability to perform this functional requirement of light work by virtue of his testimony and objective medical evidence regarding his sitting, standing, and walking difficulties. (Pl.'s Br. at 5–8.) In contrast, the Commissioner argues that (i) the ALJ explained her RFC assessment by detailing Plaintiff's medical treatment, testimony, and related medical opinions (Comm'r's Br. [DE #17] at 12–13), and (ii) this case is distinguishable from *Dowling v. Comm'r of SSA*, 986 F.3d 377 (4th Cir. 2021), because the ALJ did not ignore any significant evidence regarding Plaintiff's ability to sit, stand, and walk (Comm'r's Br. at 13). For the reasons explained below, the court agrees with Plaintiff that the ALJ did not sufficiently address Plaintiff's ability to sit, stand, and walk as required by light work.

The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" despite impairments and related symptoms. SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996); *see also* 20 C.F.R. § 404.1545(a)(1). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work

7

schedule." SSR 96–8p, 1996 WL 374184, at *1. In assessing an individual's RFC, the ALJ considers an individual's ability to meet the physical, mental, sensory, and other requirements of work. 20 C.F.R. § 404.1545(a)(4). It is based upon all relevant evidence, which may include the claimant's own description of limitations from alleged symptoms. SSR 96–8p, 1996 WL 374184, at *5; 20 C.F.R. § 404.1545(a)(3). If necessary, an ALJ must "explain how any material inconsistences or ambiguities in the evidence were considered and resolved." SSR 96–8p, 1996 WL 374184, at *7. In fulfilling the obligation to consider all relevant evidence, an ALJ "cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)).

An ALJ must "include a narrative discussion describing how the evidence supports each conclusion" in the RFC. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Mascio*, 780 F.3d at 636). The ALJ must specifically explain how certain pieces of evidence support particular conclusions and "discuss[ ] . . . which evidence the ALJ found credible and why." *Monroe*, 826 F.3d at 189 (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The Fourth Circuit has interpreted this to require an ALJ to "build an accurate and logical bridge from the evidence to his conclusion." *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also Arakas v. Comm'r of SSA*, 983 F.3d 83, 95 (4th Cir. 2020). ALJs must explain their RFC findings regarding contested functional abilities when

conducting the required function-by-function analysis. *See Dowling v. Comm'r of SSA*, 986 F.3d 377, 388–89 (4th Cir. 2021).

"[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion . . . . [M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). Simply put, this means an ALJ must "[s]how [her] work." *Patterson v. Comm'r of SSA*, 846 F.3d 656, 663 (4th Cir. 2017) (applying same principle to an ALJ's listing analysis). Such analysis—"[h]armonizing conflicting evidence and bolstering inconclusive findings," *Patterson*, 846 F.3d at 662—is a "necessary predicate" to determining whether substantial evidence supports the Commissioner's findings, *Monroe*, 826 F.3d at 189 (quoting *Radford*, 734 F.3d at 295). Where a court is "left to guess about how the ALJ arrived at [the] conclusions on [a claimant's] ability to perform relevant functions . . . , remand is necessary." *Mascio*, 780 F.3d at 637.

Despite accurately summarizing Plaintiff's testimony regarding his difficulties with sitting, standing, and walking, and medical evidence which may support Plaintiff's testimony about his symptoms (R. 761–62), the ALJ's only analysis of Plaintiff's ability to sit, stand, and walk comes in the context of evaluating the medical opinions of an examining nurse practitioner and the non-examining state agency medical consultants (R. 762–64, 766–67). The ALJ's decision also contains no assessment regarding which statements from Plaintiff about his symptoms the ALJ credited and which statements she did not credit. (R. 761–68.) This deficiency is

similar to that identified in *Woods*, 888 F.3d at 694 (faulting an ALJ for failing to explain how a claimant could perform the tasks required by medium work despite the ALJ explaining which evidence the ALJ found "credible, useful, and consistent"). Here, the court is left to speculate how the ALJ arrived at her conclusion that Plaintiff could perform the sitting, standing, and walking requirements of light work without limitation, despite contrary evidence in the record. *See Mascio*, 780 F.3d at 637. Remand is therefore required.

### B. Apparent Conflict at Step Five

Because this matter is remanded for the reasons explained above, the court declines to address the merits of Plaintiff's remaining argument that the ALJ failed to resolve an apparent conflict in the VE's testimony regarding the jobs identified at step five.

### CONCLUSION

For the reasons stated above, the Commissioner's decision is REVERSED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

This 18th day of April 2024.

_____
KIMBERLY A. SWANK
United States Magistrate Judge